**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

**CASE NO.:**

RM & ASSOCIATES CONSULTING,
INC. a/a/o Miguel Vaquero,

    Plaintiff,

v.

SELECTIVE INSURANCE
COMPANY OF THE SOUTHEAST,

    Defendant.
_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Selective Insurance Company of the Southeast ("Selective" or "Defendant"), a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program, pursuant to the National Flood Insurance Act of 1968, as amended[1], by and through its undersigned counsel, hereby files this Notice of Removal of the above-captioned action, bearing Case No. 19-CA-000539-K, from the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441(c), and 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1).

As discussed herein, the Plaintiff's lawsuit may only be addressed in federal court, regardless of the amount in controversy, because the Plaintiff raises a substantial federal question by alleging a breach of a Standard Flood Insurance Policy issued by Selective pursuant to the

---

[1] *See* 42 U.S.C. §§ 4001 *et seq*. Selective appears herein in its "fiduciary" capacity as a "fiscal agent of the United States." 44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1).

National Flood Insurance Act. *See Newton v. Capital Assurance Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001). Jurisdiction is further appropriate because the Plaintiff has succinctly placed at issue matters exclusively regulated by the Federal Emergency Management Agency ("FEMA") under the authority of Congress pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(1), and 42 U.S.C. §§ 4013 and 4019. In support of removal, Selective hereby respectfully asserts the following:

**A.    The Notice of Removal is Timely.**

1. The Plaintiff, RM & Associates Consulting ("Plaintiff"), purporting to act under an assignment of benefits executed in its favor by Selective's insured Miguel Vaquero ("Vaquero"), filed the State Court Action against Selective on or about June 10, 2019. A true and accurate copy of all pleadings and papers served on Selective in the State Court Action are attached hereto as Composite Exhibit 1, as required by 28 U.S.C. §§ 1446(a) and 1447(b).

2. Selective was served with the Summons and Complaint in the State Court Action through the Florida Department of Financial Services on or about July 22, 2019. (*See* Notice of Service of Process at Exhibit 2). The Summons and Complaint were forwarded on to Selective on July 25, 2019. (*Id.*). Thirty days have not elapsed since Selective first received the Plaintiff's Complaint through service of process or otherwise, and removal is timely under 28 U.S.C. § 1441 and 1446.

**B.    Jurisdiction.**

3. Flood insurance in the United States is provided through the National Flood Insurance Program ("NFIP"), a federal program administered by FEMA. In order to better administer the NFIP, FEMA authorizes private insurance companies—called Write-Your-Own ("WYO") Carriers—to offer flood insurance policies to the public under their own logos.

Although these policies are issued by private companies, the Standard Flood Insurance Policy itself is written by FEMA and codified at 44 C.F.R. Pt. 61, App. A(1).

4. Congress underwrites all operations of the NFIP through the U.S. Treasury, including appropriations for both the adjustment of flood claims and the payment of those claims. All flood claim payments made by a WYO Program carrier under a Standard Flood Insurance Policy are made out of a segregated account containing U.S. Treasury funds; flood claim payments are not made with WYO Program carrier funds. The payment that the Plaintiff seeks in this lawsuit would constitute a direct charge on the public treasury, and would be binding upon the federal government. *Newton v. Capital Assur. Co.*, 245 F.3d 1306, 1311 (11th Cir. 2001); 44 C.F.R. § 62.23(f).

5. Selective participates in, and issues Standard Flood Insurance Policies under, the NFIP's WYO Program. A lawsuit against a WYO Program carrier, including Selective, for breach of the Standard Flood Insurance Policy is essentially a suit against FEMA.

6. Acting in its role as a WYO carrier under the terms and conditions of the National Flood Insurance Act, Selective issued a Standard Flood Insurance Policy, bearing policy number FLD1862097, to Vaquero for the property located at 30326 Harding Road, Big Pine Key, Florida 33043 (the "Policy"). (Complaint at ¶¶ 6-8 & Exhibit A). In the Complaint, the Plaintiff avers that it obtained an assignment of benefits from Vaquero in exchange for remediation services that it performed for Vaquero. (*Id*. at ¶¶ 2, 10). The Plaintiff further avers that Selective breached the contract of insurance by allegedly failing to pay the Plaintiff's bill for remediation services rendered following loss or damage to Vaquero's insured property that occurred on or about September 10, 2017. (*Id*. at ¶¶ 12-13, 17-18).

7. Because the Plaintiff alleges a breach of the Policy issued by Selective, the Plaintiff's right to relief involves the interpretation of federal statutes and regulations under the NFIP, and, therefore, necessarily depends on the resolution of substantial questions of federal law. As such, this matter raises a substantial federal question and, as a result, this Court has jurisdiction over this litigation pursuant to 28 U.S.C. § 1331. *See Newton v. Capital Assurance Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001).

8. Additionally, the NFIP, the Standard Flood Insurance Policy, and the WYO Program carriers, including Selective, participating in the NFIP are all governed by federal law, not state law. 44 C.F.R. Pt. 62, App. A, Art. I ("Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question…").

9. The statutory scheme approved by Congress for flood insurance claims confers original exclusion jurisdiction upon the federal courts. 42 U.S.C. § 4072 provides:

> In the event the program is carried out as provided in section 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, <u>may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.</u>

(emphasis added).

10. As such, this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R), which vests the United

States District Court for the district in which the insured property is located with original exclusive subject matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP. *See Van Holt v. Liberty Mutual Fire Ins. Co.*, 163 F.3d 161, 166-67 (3d Cir. 1998).

### C. Venue.

11. As alleged in the Complaint, Vaquero's property, on which the Plaintiff alleges that it performed remediation work, is located at 30326 Harding Road, Big Pine Key, Florida 33043, which is located within the jurisdiction of the United States District Court for the Southern District of Florida. (Complaint at ¶¶ 8, 10). Therefore, this Court is the proper Court for removal of this action pursuant to 42 U.S.C. § 4072.

Dated: August 12, 2019   Respectfully submitted,

**ROBINSON + COLE LLP**
777 Brickell Avenue, Suite 680
Miami, FL 33131
Telephone: (786) 725-4120
Facsimile: (786) 725-4121

By: */s/ Joel L. McNabney*
Eugene P. Murphy
Florida Bar No. 638501
emurphy@rc.com
Joel L. McNabney
Florida Bar No. 106507
jmcnabney@rc.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic Mail on August 12, 2019, on all counsel or parties of record on the Service List below.

*/s/ Joel L. McNabney*

## **SERVICE LIST**

Jose P. Font, Esq.
Jaime Martin, Esq.
Font & Nelson, PLLC
200 S. Andrews Avenue, Suite 501
Fort Lauderdale, Florida 33301
Tel.: 954-248-2920
Fax.: 954-248-2134
Email: pleadings@fontnelson.com
         jmartin@fontnelson.com

*Attorneys for Plaintiff*