*19-000191247*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

---

RM & ASSOCIATES CONSULTING, INC. A/A/O
MIGUEL VAQUERO

PLAINTIFF(S)

VS.

SELECTIVE INSURANCE COMPANY OF THE
SOUTHEAST

DEFENDANT(S)

_____/

| | |
|---|---|
| **CASE #:** | **19-CA-000539-K** |
| **COURT:** | **CIRCUIT COURT** |
| **COUNTY:** | **MONROE** |
| **DFS-SOP #:** | **19-000191247** |

SUMMONS, COMPLAINT, DISCOVERY, CORRESPONDENCE REGARDING ENCLOSED NOTICE OF TAKING
DEPOSITION

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the
State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Monday, July
22, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, July 25, 2019 to the
designated agent for the named entity as shown below.


SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301


**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible
for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court
pursuant to Florida Rules of Civil Procedure, Rule  #1.080**


*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer


JOSE FONT
FONT AND NELSON
200 S. ANDREWS AVE, SUITE 501
FORT LAUDERDALE, FL 33301

DKG

RM & ASSOCIATES CONSULTING, INC.
a/a/o Miguel Vaquero,

     Plaintiff,

v.

SELECTIVE INSURANCE COMPANY OF
THE SOUTHEAST,

     Defendant.

_____ /

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

CASE NO.: 19-CA-000539-K

<div style="text-align:left; writing-mode: vertical;">

**RECEIVED AS STATUTORY REGISTERED AGENT
on 22 July, 2019 and served on defendant or named party on 25 July, 2019
by the Florida Department of Financial Services**

</div>

<div style="text-align:center;">

**SUMMONS**

</div>

**THE STATE OF FLORIDA**
To Each Sheriff of the State:

You **ARE COMMANDED** to serve this summons and a copy of the Complaint, Request
for Admissions, Request for Production, Interrogatories and Notice of Taking Deposition in
this action on Defendant:

by serving:              **SELECTIVE INSURANCE COMPANY OF THE
SOUTHEAST
c/o Chief Financial Officer (as Registered Agent)**

at:                   **200 East Gaines Street
Tallahassee, Florida 32399**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's
attorney whose name and address is:

               **Jose Font, Esq.
FONT & NELSON, PLLC
200 South Andrews Avenue, Suite 501
Fort Lauderdale, Florida 33301**
               Pleadings@FontNelson.com

within 20 days after service of this summons on that Defendant, exclusive of the day of
service, and to file the original of the defenses with the Clerk of this Court either before
service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a
default will be entered against that Defendant for the relief demanded in the Complaint.

Dated: _July 3, 2019_____

**CLERK OF COURTS**    **KEVIN MADOK, CPA, Clerk**

                    BY:_____
                         **DEPUTY CLERK**

**COURT SEAL**



IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT IN AND FOR MONROE COUNTY, FLORIDA

RM & ASSOCIATES CONSULTING, INC.,     CASE NO.: 19-CA-000539-K
a/a/o Miguel Vaquero,

    Plaintiff,

v.

SELECTIVE INSURANCE COMPANY OF
THE SOUTHEAST,

    Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, RM & ASSOCIATES CONSULTING, INC., a/a/o Miguel Vaquero ("Plaintiff"), and hereby sues Defendant, SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST ("Defendant"), and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1.    This is an action for damages and the amount at issue exceeds Fifteen Thousand and 00/100 Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2.    The Plaintiff is a duly and lawfully registered Florida entity with the Secretary of State, and an assignee of Miguel Vaquero's ("Insured") insurance benefits in relation to the homeowner's insurance claim described *infra* and by way of **Exhibit "A"** which is hereby incorporated by reference.

3.    The Defendant is a duly and lawfully registered entity as required by Florida Law, and sells homeowners' insurance policies providing coverage throughout the State that are subject to governing Florida Law.

4.      Venue and jurisdiction are proper in Monroe County, Florida, because the subject contract was executed in said county, and it is the county where the property in litigation is located.

5.      All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

## GENERAL ALLEGATIONS

6.      At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowner's insurance policy ("Policy") issued by the Defendant.

7.      The Defendant is in possession of a certified copy (which the Plaintiff does not currently possess) of the Policy and assignment of benefits at issue, and these items are hereby incorporated by reference and will be produced through discovery.

8.      Accordingly, under the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's property against certain losses.  The damaged property is located at 30326 Harding Road Big Pine Key, Florida 33043 ("Property").

9.      On or about September 10, 2017 while the Policy was in full force and effect, the Property sustained a sudden, accidental and/or otherwise covered loss ("Covered Loss") under the Policy.

10.     The Insured contracted the Plaintiff to perform remediation services in relation to the Covered Loss, and accepted a partial assignment of the Insured's insurance benefits in consideration therefor.

11.     The Insurance Company assigned a claim number to the Loss.

12.     As of the date of filing this lawsuit, the Defendant has failed to duly issue payment to the Plaintiff for the service charges that were submitted to the Defendant in consideration of the

stated assignment of benefits.

13.     The stated service charges of the Plaintiff were reasonable, necessary, and related to the Covered Loss, and payable as such in accordance with the Policy.

14.     The Plaintiff has been forced to retain the undersigned attorney for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to Florida Statute § 627.428.

<div align="center">

**COUNT I**
**BREACH OF CONTRACT**

</div>

15.     The Plaintiff reincorporates paragraphs 1 through 14 as if fully set forth herein.

16.     The Defendant had a duty to promptly investigate, adjust, and issue payment for the Covered Loss.

17.     Notwithstanding the Plaintiff's performance of material conditions to payment under the Policy that were either complied with and/or waived by the Defendant, the Defendant refuses to perform its duty to pay in full, and/or in a reasonable amount, the Plaintiff's service charges.

18.     The Defendant's failure to duly perform constitutes a material breach of the Policy, and the Plaintiff has suffered direct, actual, and consequential damages as a result thereof.

19.     The Plaintiff has been obligated to retain the undersigned attorney for the prosecution of this action and is entitled to an award of reasonable attorney's fees and costs pursuant to Florida Statutes §§ 627.428 and 57.041.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enters Final Judgment in its favor and for the following:

a.      Full payment of direct, actual, and consequential damages that it sustained as a result of the Defendant's breach of contract.

b.      Payment of pre-judgment interest pursuant to Florida Statute § 55.031;

c.      Pursuant to Florida Statutes §§ 627.428, 92.231 and 57.041, an award of reasonable

attorneys' fees and costs; and/or

d.      Any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable.

Dated June 10, 2019.

Respectfully submitted,

**FONT & NELSON, PLLC**
Attorneys for Plaintiff
200 S Andrews Avenue
Suite 501
Fort Lauderdale, FL 33301
Tel: (954) 248-2920; Fax: (954) 248-2134
Primary E-mail: Pleadings@fontnelson.com
Secondary E-mail: JMartin@fontnelson.com

By:     /s/ Jaime Martin_____
        **JOSE P. FONT, ESQ.**
        Florida Bar #: 0738719
        **JAIME MARTIN, ESQ.**
        Florida Bar #: 110616

**EXHIBIT "A"**



Water ___ Mold ___

## WORK AUTHORIZATION & DIRECTION OF PAYMENT

I, _Miguel Vaquero_ ("Customer") authorize RM & Associates Consulting, Inc. to perform Emergency Services to my property located at the address below. In addition, I authorize and direct _Selective Insurance_ ("Insurance Company") to include RM & Associates Consulting, Inc. as a payee on any and all payments issued to me by Insurance Company regarding my services rendered by RM & Associates Consulting, Inc. regarding my insurance claim. I authorize RM & Associates Consulting, Inc. to receive payment from Insurance Company for any and all services rendered by RM & Associates Consulting, Inc. with regard to my insurance claim with Insurance Company.

### ASSIGNMENT OF BENEFITS

I hereby assign to RM & Associates Consulting, Inc. any and all benefits and rights under my insurance policy including the right to file suit against Insurance Company for the recovery of insurance benefits for services rendered by RM & Associates Consulting, Inc. related to my insurance claim.

### AGREEMENT FOR SERVICES RENDERED

It is fully understood and agreed by Customer that all charges for services rendered by RM & Associates Consulting, Inc. are due in full upon completion of work and that Customer is personally responsible for any and all charges not paid in full by Insurance Company. Should a lawsuit arise between Customer and RM & Associates Consulting, Inc. related to this agreement or services rendered by RM & Associates Consulting, Inc. regarding the above insurance claim, the prevailing party shall be entitled to recover reasonable attorney fees from the non-prevailing party.

_Miguel Vaquero_
Customer Signature

_Miguel Vaquero_
Customer

Date _12/18/2017_   JOB DATE: 10/4/17

_30356 Hardin Rd Big Pine, FL_
Address

_FLD 1862097_
Insurance Policy Number                     Claim Number

14629 SW 104th Street #498 – Miami, FL 33186
Office: 786.817.2194 / 305.785.5024 - Fax: 305.397.1678
CGC# 1520941 / MRSR2698

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

RM & ASSOCIATES CONSULTING, INC.,
a/a/o Miguel Vaquero,

       Plaintiff,

v.

SELECTIVE INSURANCE COMPANY OF
THE SOUTHEAST,

       Defendant.

_____/

CASE NO.: 19-CA-000539-K

## **PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES**

Plaintiff, RM & Associates Consulting, Inc., a/a/o Miguel Vaquero (the "Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, hereby propounds the following First Set of Interrogatories upon Defendant, Selective Insurance Company of the Southeast (the "Insurance Company"), to be answered in writing, under oath, within the time prescribed by Fla. R. Civ. P. 1.340.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via upon the Defendant along with a copy of the Plaintiff's Complaint.

Respectfully submitted,

**FONT & NELSON, PLLC**
Attorneys for Plaintiff
200 S Andrews Avenue
Suite 501
Fort Lauderdale, FL 33301
Tel: (954) 248-2920; Fax: (954) 248-2134
Primary E-mail: Pleadings@fontnelson.com
Secondary E-mail: JMartin@fontnelson.com

By:   /s/ Jaime Martin
     **JOSE P. FONT, ESQ.**
     Florida Bar #: 0738719
     **JAIME MARTIN, ESQ.**
     Florida Bar #: 110616

2

## DEFINITIONS AND INSTRUCTIONS

1.      Insert your answers in the space provided following each question.  If additional space is needed, so indicate in the space provided, prepare your answers on a separate paper, and attach the additional paper to your answers.

2.      Separately answer each interrogatory, and each subsection of each interrogatory. The terms "you" and "your" mean the party or parties to which this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, accountants, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

3.      The terms "Plaintiff" and "Assignee" mean RM & Associates Consulting, Inc., and its representatives as defined in Paragraph 7 hereof.

4.      The term "Insured" means Miguel Vaquero and his representatives as defined in Paragraph 7 hereof.

5.      The terms "Insurance Company" or "Defendant" mean the defendant in this action to which these Interrogatories are addressed, Selective Insurance Company of the Southeast, including its agents, attorneys, accountants, and all other persons acting or purporting to act on their behalf.  The terms "Insurance Company" or "Defendant" also include the party's divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and accountants as well as each partnership in which it is a partner, and includes any other person, acting or purporting to act on its behalf.

6.      The terms "you" and "your" mean the party or parties to which these interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on its behalf.

3

7.    The term "Representatives" means any and all present or former agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, and other persons acting or purporting to act on behalf of the entity referred to.

8.    The "Complaint" means the Complaint filed by the Plaintiff in this action.

9.    The terms "Claim" and "Loss" mean any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which Plaintiff demands that it has suffered damages, or has a right to payment, as the result of any act or omission of Defendant.

10.    The terms "person" or "persons" mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

11.    The term "contract" means any promise, or set or promises, which creates an obligation to do or not do a particular thing where there was meeting of the minds on a given proposition and an understanding and intention between the parties.

12.    The term "communication" means any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

13.    The term "document" means and includes any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not

4

limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access.  "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

14.     The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

15.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

16.     The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive.  The term

"all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

17.    The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

18.    The terms "locate" or "location" mean to state the present whereabouts of each Document and to identify the persons having possession, custody or control thereof.

19.    The term "to date" shall mean the date on which you answer these interrogatories.

20.    The term "including" means "including but not limited to".

21.    "Relating to" or "relevant to" mean embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

22.    The term "Identify," when used with reference to a natural person, means state:

    (a)    his full name and address (or, if the present address is not known, his last known address).

    (b)    the full name and address of each of his employers, each corporation of which he is an officer or director and each business in which he is a principal.

    (c)    his present (or, if the present is not known, his last known) position and his position or positions at the time of the act to which the interrogatory answer relate, and

    (d)    such other information sufficient to enable Plaintiff to identify the person.

23.    "Identify," when used with reference to any entity other than a natural person, means:

    (a)    state the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization.

24.     "Identify," when used with reference to a document or written communication, means state:

      (a)     its nature (e.g., letter, telegram, floppy disc, computer printout, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

      (b)     the identity of each signer to the document or communication;

      (c)     the title or heading of the document or communication;

      (d)     its substance;

      (e)     its present (or, if the present is not known, the last known) location and custodian.

      (f)     the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (I) respondent and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

      (g)     the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

25.     "Identify," when used with reference to an oral transaction or oral communication, means state:

      (a)     its nature (e.g., telephone call, conversation in person, etc.)

      (b)     the date and place thereof.

      (c)     the identity and address of each person participating therein, present during or witness to any part thereof.

      (d)     identify each document in which such transaction or communication was recorded, described or referred to.

26.     "Identify" when used with reference to a lawsuit means state:

      (a)     the caption of each lawsuit;

(b)     the court in which the lawsuit was filed;

(c)     the case number;

(d)     identify the parties, and

(e)     a brief summary of the nature of the claim or charge.

27.     "Identify" when used with reference to an administrative claim or charge means state:

(a)     identify the claimant or charging party;

(b)     the administrative office were filed;

(c)     the number assigned to identify the claim or charge, and

(d)     a brief summary of the nature of the claim or charge.

28.     "Identify," when used in any other context that is herein above set forth, means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of action, etc., was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

29.     You may, in lieu of identifying any Document or written communication, attach a true copy of each Document as an exhibit to the answers to these interrogatories.  On each occasion in which you choose to attach a Document as your answer to an interrogatory, identify the portion of the Document that answers the interrogatory.

30.     Identify each Document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced and by the file from which the document was produced.

31.     If any of the information furnished in an answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished.

32.     If the answer to all or any part of the interrogatory is not presently known or available to you, include a statement to that effect, furnish the information now known or otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under oath, within ten days from the time the entire answer becomes known or available to you, but. in no event less than five days prior to trial.

33.     If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

    (a)    set forth all such information that is available to you without undertaking what you contend to be an unreasonable burden;

    (b)    state with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome; and

    (c)    describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such information, including the duration of time spent and nature of work done by each person.

34.     Unless your response to an interrogatory is complete when made, these interrogatories are continuing insofar as you are required to promptly make further or supplemental answers if new information is discovered and/or acquired by you between the date of your initial answer and any time thereafter.

35.     If you claim in response to any request for production that any requested document is "privileged" and not subject to discovery, you shall so state expressly and, in addition, shall provide a privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Furthermore, you shall identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and you shall identify all persons or entities to whom the privileged information has been disclosed.

36.     If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the affiant any part of the information furnished.

37.     To the extent precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and complete information.  Where such an estimate is given, the method employed in making the estimate shall be described.

## **INTERROGATORIES**

1.      Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.




2.      Please identify with specificity any and all policies of insurance that may cover the loss that is the subject of this action and/or the allegations set forth in the Complaint, detailing as to such policies the name of the insurer, the number of the policy, the policy period, the available limits of coverage (including those contained in the policy language), and the name and address of the custodian of the policy.




3.      Please state, in detail and with as much specificity as possible, the names, addresses and telephone numbers of all persons or entities who are believed or known by you, your agents, and/or your attorneys to have any knowledge concerning, or has possession, custody and/or control of any and all estimates of damage, reports, proposals, contracts, models, maps, sketches, drawings, plats, photographs, videotapes or other depictions related to any and all facts, documents, other evidence and/or issues related to the loss and claim that are the subject of this action.  When doing so, please state in detail what item(s) the person possesses, is custodian of and/or controls.  Please identify the person who initially prepared or took it, state the date it was prepared or taken and identify the location where it is presently stored.




4.      Have you seen, and do you presently possess, any report resulting from an inspection or appraisal of the subject property performed at any time prior to the alleged date of loss at issue in this action?  If so, as to each such report state the date it was prepared, identify the person(s) who prepared it, state the scope or purpose of the inspection and describe what, if anything, the report says about the condition of portions of the Property alleged by the Insured to have sustained damage attributable to the subject loss.

11

5.     Identify every person or entity who inspected any part of the insured premises on your behalf in connection with the subject loss, and as to each such inspection, state the date(s) of the inspection, the scope or purpose of the inspection, whether an inspection report was prepared and if so, whether a copy of the report was provided to the Insured.  If an inspection report was prepared but not provided to the Insured, please verify that you are willing and able to produce it now, or state why you are unwilling or unable to do so.

6.     In addition to persons or entities who inspected the insured premises on your behalf, identify each person or entity by name, address, phone number and position, who, on the Insurance Company's behalf, has in any way participated in the investigation, evaluation, adjusting, or handling of the subject claim, and specify the nature and the time period of each such person's participation, including his or her field of expertise.

7.     Identify all persons or entities not already identified in answers to the preceding interrogatories who are believed or known by you, your agents or your attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter upon which the person or entity has knowledge.

8.     Please state the specific nature of your business relationship with any and all third parties employed by you or acting as agents and/or apparent agents for you who were involved in the processes of investigating, inspecting, examining, estimating, photographing, and/or adjusting the Insured's property regarding the loss that is the subject of this action.  Please also state whether said persons/entities were authorized to admit coverage regarding claims of loss, and if so, state the specific dollar limits (if applicable) of such authority.  When answering this Interrogatory, please identify:

    a.     The name of the individual who hired the third party on your behalf;
    b.     The date and nature of the services provided by the third party;
    c.     Each case in which the third party has been retained by you for any purpose during the past five years;
    d.     The amount of money that the third party has been paid by you during the past five years; and
    e.     The taxpayer identification numbers for each of the aforementioned third parties.

9.      Describe the observations of the field adjuster during his or her inspection of the Property.   This Interrogatory contemplates any findings which may relate to coverage of the loss/damages and the extent of the damage observed.  If your response describes any document (including any estimates or reports) please submit these documents as part of your response.

10.      Please state in detail the date and any and all circumstances under which you received notice of the loss and claim that are the subject of this action from the Insured; or, in the alternative, if you received notice from some other source, please state the date and circumstances regarding same and identify the individual/entity (including the names, addresses, and telephone numbers) that provided said notice.  Please include the identity of the person(s) who received notice on your behalf and state the nature of the loss as it was initially reported.  Also, if you are alleging late notice as a defense to payment to the subject claim, explain how your investigation was prejudiced or impeded by the alleged lateness of the notice.

11.      State what you consider to be the cause of the loss at issue in the subject claim along with the factual basis for your answer and identify any person(s) or document(s) that are the source of your information.

12.      Do you allege any failure on the part of the Insured to properly mitigate the subject damage so as to prevent further losses/damages?  If so, describe with particularity the steps the Insured could and should have taken to prevent further losses/damages along with the factual basis for your answer and identify any person(s) or document(s) that are the source of your information.

13.      Do you allege that the Insured in any way failed to comply with any post-lost duties or other obligations under the Policy in connection with the subject claim?  If so, identify any unfulfilled duties or obligations, state the factual basis for your answer, and identify any person(s) or document(s) that are the source of your information.

14.     Was there a date prior to the filing of this action that you began anticipating litigation over the subject claim?  If so, identify that date along with the factual basis for your answer and identify any person(s) or document(S) that are the source of your information.

15.     To the extent that you denied the subject claim, state how and when you notified the Insured of your decision to deny the claim.   Furthermore, identify your most senior representative who authorized the denial or refusal to pay, state the factual basis for the denial or refusal to pay and identify the relevant Policy provisions that are the contractual basis for the denial or refusal to pay.  *[Note: Plaintiff seeks a sworn answer expressly responding to the Interrogatory as asked, not merely a referral to a denial letter, Affirmative Defenses or any other correspondence, document or pleading in lieu of answering.]*

16.     State any other facts supportive of the denial or nonpayment of the claim that were not set forth in your answer to the preceding Interrogatory, and identify any person(s) or document(s) that are the source of your information.

17.     If payment was issued to the Insured or to the Plaintiff, state any and all reasons for your payment regarding any portion of the claimed damages stemming from the loss that is the subject of this action, and state the facts, documents, and/or other evidence that provide the basis for the reasons.

18.     State if, how and when you notified the Insured of her right to participate in mediation in accordance with Florida Statute § 627.7015(2).

19.     With regards to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate such affirmative defense, including identification of all witnesses to each such fact.

20.     Please list any and all experts the Insurance Company has retained in regards to this claim as of the filing of these answers.  Please include their curriculum vitae, their address and their telephone number.

21.     Please state any and all correspondence sent by the Insurance Company to the Plaintiff and to the Insured, or a representative on their behalf, after receiving notice of the loss. This includes denial letters, reservation of rights letters, letters requesting a sworn proof of loss, and any letters requesting an EUO of the Plaintiff or the Insured.

22.     Please state any and all correspondence sent by the Plaintiff, or a representative on its behalf, to the Insurance Company in reference to the claim at issue.

23.     Please describe what is considered "ensuing damage" as it relates to the Policy.  If you contend that "ensuing damage" is not covered under the Policy, please specify the Policy exclusion.

24.     Describe what is considered "reasonable repairs" as it relates to the Policy and state whether "reasonable repairs" are covered under the Policy.  If you contend that "reasonable repairs" are not covered under the Policy, please specify the Policy exclusion.

25.     Have you alleged any material misrepresentations by the Insured, either in connection with the subject loss or in the application for the subject Policy?  If so, as to each such misrepresentation please state what it was and when it was made, identify who made it and to whom it was made, explain why the misrepresentation is considered material, and identify any person(s) or document(s) that are the source of your information.

**IN WITNESS WHEREOF**, the Insurance Company has executed the foregoing answers to Interrogatories and states that same are true and correct to the best of the undersigned's knowledge and belief.

_____

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST

By:_____

Title:_____

STATE OF FLORIDA                              }
                                                            }
COUNTY OF _____            }

**BEFORE ME**, the undersigned authority, personally appeared:

_____, who is [   ] personally known to me or who has [   ] produced _____ as identification, being first duly sworn according to law, deposes and says that he/she executed the foregoing Answers to Plaintiffs' First Set of Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

**IN WITNESS WHEREOF**, I have hereunto set my hand and affixed the seal of my office; in the County and State last aforesaid, this _____ day of _____, 2019.

17

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT IN AND FOR MONROE COUNTY, FLORIDA

RM & ASSOCIATES CONSULTING, INC., a/a/o Miguel Vaquero,

      Plaintiff,

v.

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,

      Defendant.

_____/

CASE NO.: 19-CA-000539-K

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, RM & Associates Consulting, Inc., a/a/o Miguel Vaquero (hereinafter "Plaintiff"), pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests that Defendant, Selective Insurance Company of the Southeast (the "Insurance Company"), make available for inspection and duplication, in response to each numbered paragraph, all documents specified herein which are in its possession, custody or control or in the possession, custody or control of its agents, accountants or attorneys. Defendant is requested to make such production within the time period prescribed either by the Florida Rules of Civil Procedure or by order of the Court, at the offices of **Font & Nelson, PLLC, 200 S. Andrews Ave., Suite 501, Fort Lauderdale, FL 33301.**

## I.    DEFINITIONS AND INSTRUCTIONS

1.    The terms "you," "your(s)," "yourselves," "defendant," and/or "Insurance Company" mean the party or parties to which this request is addressed, and any agents, representatives, attorneys or other persons acting or purporting to act, on its behalf.

2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

3.      The "Complaint" means the Complaint filed by the Plaintiff in this action.

4.      The term "document" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

5.      The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6.      The term "Insurance Company" shall refer to the Defendant in this action, its affiliates, subsidiaries, predecessors, successors, agents, attorneys and/or anyone else acting in its behalf.

7. The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

8. As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the other genders.

9. The terms "and," "as well as," and "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The term "all" means "any and all." The terms "each" and "every" means "each and every," the term "including" means "including without limitation."

10. The terms "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

11. The terms "locate" or "location" means to state the present whereabouts of each document and to identify the person(s) having possession, custody or control thereof.

12. The term "to date" shall mean the date on which you respond to this request.

13. When producing the required documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

14. When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

15. In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

16.     The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

17.     If you claim that the attorney/client or any other privilege or the attorney's work product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, author(s), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim.

18.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any one of these requests, then in response to the appropriate request:

(a)     furnish each such document that is available to you without undertaking what you contend to be an unreasonable burden;

(b)     state with particularity the grounds on which you contend that additional efforts to obtain such documents would be unreasonably burdensome; and

(c)     describe with particularity the efforts made by you to secure such documents, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such documents, including the duration of time spent and nature of work done by each person.

19.     Unless otherwise indicated, all requests include the time period from the date of the Loss to the date you receive this request.

20.     The term "Plaintiff" shall refer to the Plaintiff(s), affiliates, predecessors, successors, agents, attorneys and/or anyone else acting in their behalf.

## II.    LOST/DESTROYED DOCUMENTS

If any document to be produced was, but is no longer, in your possession, custody or control and/or has been destroyed or is otherwise incapable of production or state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; (d) if not destroyed, the reason why the document is incapable of production; and (e) the subject matter of the document.

## III.    DOCUMENTS REQUESTED

1.    A true and correct certified copy of the insurance policy provided by the Insurance Company to the Insured, for which this lawsuit is premised, including but not limited to, declaration sheet(s), all addendums and attachments.

2.    Any correspondence or documentation that establishes the date and manner that the subject loss was initially reported to you or your representative(s) by the Insured or the Insured's representatives.

3.    Any correspondence or documentation that establishes what the Insured or the Insured's representative(s) initially reported to you or your representative(s) with regard to the date and description of the subject loss.

4.    Each and every timesheet, log and all other documents reflecting time spent by the Insurance Company at the Property.

5.    Each and every document, evidencing the name, address, and the position/relationship with the Insurance Company of every individual who has visited or plans to visit the Property on behalf of the Insurance Company.

6.      All documents showing the total amount paid during the past three years to any third parties providing services, analyses, or opinions with regard to the subject claim.

7.      A copy of the contract/agreement/document (if any) that the Defendant has with any preferred water remediation/restoration providers who may provide testimony at the trial of this matter.

8.      Any and all correspondence or written communications from the Insurance Company to the Insured, which in any manner pertain to the Insured's loss as described in the Complaint.

9.      Any and all correspondence or written communications from the Insured to the Insurance Company which in any manner pertains to the Insured's loss as described in the Complaint.

10.     Any and all correspondence or written communications from the Insurance Company to the Plaintiff, and from the Plaintiff to the Insurance Company, which in any manner pertain to the Insured's loss as described in the Complaint.

11.     Any and all correspondence sent by you or your representatives to the Insured or Insured's representatives in response to a request for mediation or appraisal of the subject claim.

12.     Any and all photographs taken by the Insurance Company of the Property.

13.     All correspondence or documentation that establishes or evidences the date you began anticipating there would be litigation arising out of the subject claim.

14.     All documents containing information regarding a statement by the Insured at any time during the Insurance Company's handling of the Insured's loss, including adjuster notes, claim reports, interoffice memorandum, tape recordings, Examination Under Oath transcripts, and any other transcripts or written statements from the Insured.  This includes any items obtained

during recorded statements or Examinations Under Oath conducted pursuant to and as provided by the Policy.

15.     All documents or graphic materials that were marked as exhibits, referenced or reviewed on the record during Examinations Under Oath conducted by your or your representatives in connection with the subject loss.

16.     Any and all bills or estimates for repairs to the Property submitted to the Insurance Company by the Insured, the Insured's representative(s), or the Plaintiff.

17.     Any and all checks paid to, or on behalf of the Insured, representing insurance coverage payment(s) for the loss.

18.     All peer reviews or comparative estimates conducted on Plaintiff's bills, invoices, or estimates at issue in this matter.

19.     All reports which in any manner pertain to the Insured's loss.

20.     All Proof of Loss forms pertaining to the subject loss that were sent or received by you or your representatives to or from the Insured or the Insured's representative.

21.     Transcripts of all recorded statements taken by you or your representatives in connection with the subject loss.

22.     All inspection reports or other documents that evidence the cause of the damages at issue in the subject claim as determined by you or your representative.

23.     All applications for insurance submitted by or on behalf of the Insured to you or your representatives in connection with obtaining or renewing the subject Policy.

24.     All photographs or videos taken by you or your representative(s) in connection with the initial issuance or renewal of the subject Policy.

25.     A current curriculum vitae (CV) or resume for each person retained on your behalf for the purpose of rendering an opinion as to the cause or extent of the subject damage.

26.     All affidavits or sworn statements in your possession pertaining to the subject loss.

27.     Transcripts of all examinations under oath (EUO) taken by you or your representatives in connection with the subject loss.

28.     If the Insurer alleges that some of the damage was "pre-existing," the result of "wear and tear," or that the subject claim of loss occurred outside any applicable policy period, then the underwriting file for any business related to the Insured or the Property and any and all insurance policies ever issued by the Insurer to the Insured for or regarding the Property.

29.     The Insurer's entire file for the Loss and Claim kept and handled by it not in anticipation of litigation.

30.     All documents relating to or supporting the Insurer's denial of any allegation made in the lawsuit.

31.     All documents relating to or supporting each and every affirmative defense or general defense asserted by the Insurer.

32.     All documentation evidencing the date, time and subject matter of phone calls pertaining to the subject loss that were made or received by you or your representatives to or from the Insured, the Insured's representatives, or the Plaintiff.  If this information is on records or phone logs containing notations or comments for which you are asserting a privilege, please redact the privileged portions and produce the remainder of the record or log.

33.     All documentation evidencing the date, time and subject matter of phone calls pertaining to the subject loss that were made or received by you or your representatives to or from any third parties other than your attorney(s).  If this information is on records or phone logs

containing notations or comments for which you are asserting a privilege, please redact the privileged portions and produce the remainder of the record or log.

34.     Copies of any and all recorded statements and telephone conversations, as well as any transcripts for the same that have been reduced to writing and/or transcribed, which were taken of or provided by any witness to the subject water damage event/loss and/or work performed by the Plaintiff at the subject Property that are in your possession or control.

35.     All inspection reports, appraisals, photographs, video or other documents or materials in your possession that evidence or pertain to the condition of the subject Property or any portion thereof prior to the subject date of loss.

36.     Any and all documents related to any and all other insurance claims made by or on behalf of the Insured regarding the Property, whether or not related to the subject claim; including, but not limited to, estimates, reports, pictures, cancelled checks, releases, proofs of loss, recorded statements, transcripts of Examinations Under Oath, and correspondence by and between the parties related to any and all said other claims.

37.     Defendant's latest claims manual or statement of policies and procedures on the processing or handling of homeowner's claims.

38.     Any training manuals, guides, or documents that Defendant has provided to its adjusters regarding adjusting water damage claims.

39.     A privilege log accounting for all responsive materials being withheld from production on the basis of privilege or protection, in accordance with Fla. R. Civ. P. 1.280(b)(5).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via upon

the Defendant along with a copy of the Plaintiff's Complaint.

Respectfully submitted,

**FONT & NELSON, PLLC**
Attorneys for Plaintiff
200 S Andrews Avenue
Suite 501
Fort Lauderdale, FL 33301
Tel: (954) 248-2920; Fax: (954) 248-2134
Primary E-mail: Pleadings@fontnelson.com
Secondary E-mail: jmartin@fontnelson.com

By:    /s/ Jaime Martin
       **JOSE P. FONT, ESQ.**
       Florida Bar #: 0738719
       **JAIME MARTIN, ESQ.**
       Florida Bar #: 110616

Case 4:19-cv-10131-JEM   Document 1-1   Entered on FLSD Docket 08/12/2019   Page 35 of 46

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

RM & ASSOCIATES CONSULTING, INC.,
a/a/o Miguel Vaquero,

    CASE NO.: 19-CA-000539-K

  Plaintiff,

v.

SELECTIVE INSURANCE COMPANY OF
THE SOUTHEAST,

  Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS

Plaintiff, RM & Associates Consulting, Inc., a/a/o Miguel Vaquero (the "Plaintiff"), by and through the undersigned counsel and pursuant to the Florida Rule of Civil Procedure 1.370, hereby requests Defendant, Selective Insurance Company of the Southeast (the "Insurance Company"), to admit or deny the following:

1. Admit that the insurance policy which forms the subject matter of this lawsuit (hereafter "the Policy") was issued by the Insurance Company.

2. Admit that the Insurance Company was providing insurance coverage to the Property described in the lawsuit (hereafter "the Property") at the time of the Loss described in the Plaintiff's Complaint (hereafter "the Loss").

3. Admit that all premiums required for the purchase of the Policy were paid.

4. Admit that venue lies in Monroe County, Florida for this action.

5. Admit that Miguel Vaquero (hereafter "the Insured") is the named insured under the Policy.

6. Admit that the Insured proved the Property suffered a direct, physical loss while the Policy was in effect.

7.    Admit that the cause of the damage at issue is covered under the Policy.

8.    Admit that the Insured timely notified the Insurance Company of the Loss.

9.    Admit that the Insurance Company never advised the Insured in writing of his/her right to mediation in violation of Florida Statute § 627.7015(7).

10.    Admit that the Insurance Company acknowledged the Insured's timely notice of the Loss.

11.    Admit that the Insurance Company was provided with a detailed estimate prepared by the Plaintiff.

12.    Admit that the Insurance Company acknowledges that the Plaintiff's estimate pertaining to remediation services is accurate and correct.

13.    Admit that the remediation services rendered by the Plaintiff were reasonable.

14.    Admit that the remediation services rendered by the Plaintiff were necessary.

15.    Admit that the Insurance Company's litigation of the instant action is for the purpose of delaying and/or avoiding payment to the Plaintiff.

16.    Admit that the Insured has complied with all post-loss obligations and conditions precedent to the filing of this lawsuit.

17.    Admit that, at all times material hereto and as of the date of the filing of this lawsuit, the Insurance Company issued no payment for the Loss.

18.    Admit that, at all times material hereto and as of the date of the filing of this lawsuit, the Insurance Company has not tendered any Policy-based benefits for the Loss.

19.    Admit that the Insurance Company is aware of no reasons to limit, exclude or bar coverage for the Loss.

20.    Admit that the Insurance Company assumes liability to the Insured for the damage sustained to the Property.

21.     Admit that the Insurance Company is required to pay the Plaintiff's attorney's fees and costs pursuant to Florida Statute § 627.428.

22.     Admit that the Insurance Company has waived the Policy post-loss requirements and all conditions precedent.

23.     Admit that the Insured has made no material misrepresentation in the application of insurance.

24.     Admit that the Plaintiff has made no material misrepresentation to the Insurance Company.

25.     Admit that the Plaintiff has not made any false statements or engaged in any concealment in this claim.


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the Defendant along with a copy of the Plaintiff's Complaint.


Respectfully submitted,

**FONT & NELSON, PLLC**
Attorneys for Plaintiff
200 S Andrews Avenue
Suite 501
Fort Lauderdale, FL 33301
Tel: (954) 248-2920; Fax: (954) 248-2134
Primary E-mail: Pleadings@fontnelson.com
Secondary E-mail: jmartin@fontnelson.com

By:     /s/ Jaime Martin
         **JOSE P. FONT, ESQ.**
         Florida Bar #: 0738719
         **JAIME MARTIN, ESQ.**
         Florida Bar #: 110616

# FONT & NELSON

200 S. Andrews Ave., Suite 501, Ft. Lauderdale, FL 33301 • Telephone: (954) 248-2920 • Fax: (954) 248-2134

July 18, 2019

*Served with the Complaint*
Selective Insurance Company of the Southeast

> **RE:** **RM & Associates Consulting, Inc. a/a/o Miguel Vaquero v. Selective Insurance Company of the Southeast**
> Case No.:        19-CA-000539-K

Dear Sir/Madam:

Attached hereto you will find the following deposition notice: Defendant's corporate representative pursuant to Rule 1.310(b)(6). Please confirm in writing whether you have any objections to the noticed date, time and/or location, and if so, please set forth same in a specific and substantive form by 3:00 p.m. on August 8, 2019.

Please note that this correspondence constitutes our good faith effort to coordinate the subject deposition, or alternatively the motion to compel in relation thereto if you fail to confirm that you have no objections to the deposition within the stated timeframe. In conformance with our Firm's standing protocol, and provided that there is an objection regarding the date, time, scope, duces tecum, and/or location of the deposition, take note of the following.

1.      We will conduct the deposition at a date, time and/or location of your choosing.

2.      Being that we will make the necessary adjustments on our end to serve your convenience, you do not have to coordinate your preferred date, time and/or location for the deposition. Rather, simply identify same and we will submit an agreed order to the Court accordingly.

3.      The hearing and deposition will proceed as noticed absent the submission of an agreed order that duly conforms with the spirit of the substantive parameters identified and detailed herein.

4.      In terms of the timing of the deposition, it must be set forth to take place within the lesser of: 30 days of the noticed date; or within 15 days of any pending evidentiary motion or Court ordered deadline related thereto.

5.      If there is an objection to the scope of the designations and/or document request, said objections do not justify the cancellation of the deposition since we will proceed with the deposition per the limited scope that is not subject to an objection. That said, and as it relates to the objections, please coordinate a conferral conference with our office so that we can attempt to resolve the dispute without Court intervention. Further, please provide: a date for a hearing on

your objections; and a tentative date, time and location for the deposition so that we can ensure it takes place within 20 days of the Court's ruling on the matter.

      6.    If there is any unexpected conflict that arises in relation to the deposition or any other scheduled/noticed matter with our office, please take note that within reason, and as the circumstances permit, we will always work with your office and/or a witness to make the necessary accommodations.  However, the only condition that we will always insist upon, is that before agreeing to the cancellation we must submit an agreed order as to an alternative date that conforms with time constraints set forth herein or that may otherwise be at issue at the time the conflict arises.

      Your anticipated cooperation and professionalism will be greatly appreciated. Moreover, and if there any questions, comments or concerns that preclude resolution, we request that you coordinate with our office a date and time to further confer telephonically.

                        Sincerely,

                        ***/s/ Jose P. Font***

                        Jose P. Font, Esq.
                        For the Firm

Enclosures: as stated above

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT IN AND FOR MONROE COUNTY, FLORIDA

RM & ASSOCIATES CONSULTING, INC.,
a/a/o Miguel Vaquero,

CASE NO.: 19-CA-000539-K

      Plaintiff,

v.

SELECTIVE INSURANCE COMPANY OF
THE SOUTHEAST,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF TAKING DEPOSITION DUCES TECUM OF DEFENDANT'S DESIGNATED CORPORATE REPRESENTATIVE(S) PURSUANT TO RULE 1.310(b)(6)

PLEASE TAKE NOTICE that Plaintiff, RM & Associates Consulting, Inc. ("Plaintiff") through the undersigned counsel will take the deposition, by oral examination of the following person(s) per Rule 1.310(b)(6) as indicated below *or at such other location, time, and date as is mutually agreed upon by counsel* or ordered by the Court, before an associate or deputy court reporter who is not of counsel to the parties or interested in the events of this cause.

| | |
|---|---|
| NAME: | Any and all witnesses designated as corporate representative(s) for Defendant, SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST ("Defendant") per Rule topics and subjects listed on Schedule "A" and documents listed on Schedule "B," and individually regarding all claim information regarding Plaintiff's claim and predicate information. |
| DATE: | Thursday August 22, 2019 |
| TIME: | 10:00 a.m. |
| PLACE: | 200 S. Andrews Ave.<br>Suite 501<br>Fort Lauderdale, Florida 33301 |
| REPORTER: | US Legal Support |

1

The deponent(s) is/are directed to produce for inspection or copying at the time of deposition the documents called for in the attached Schedule "B" [and as to any documents over which a claim of privilege is asserted, a privilege log per Rule 1.280(b)(5)].

The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Florida Rules of Civil Procedure. The deposition will continue from day to day until completed.

In an effort to expedite the deposition(s), Plaintiff's counsel requests that the requested documents responsive to Schedule "B" be **produced at least ten (10) days** before the date of the deposition(s), to allow the parties to conduct the deposition quickly and efficiently. This will eliminate the need for Plaintiff's counsel having to review the documents for the first time at the deposition(s) with the deponent(s). Plaintiff will reimburse deponent(s) for all reasonable costs associated with producing the requested documents prior to the depositions.

**Further, to the extent any privilege or confidentiality is claimed to apply to the requested documents, the deponent(s) are directed to bring such responsive documents to the deposition(s) so that they can fully answer all of counsel's questioning. However, a privilege log as contemplated under Florida Rule of Civil Procedure 1.280(b)(5) may be produced prior to and at the deposition(s) in lieu of the actual documents over which such claim(s) is asserted. Any such privileged documents are nonetheless requested to be available at the deposition(s) for the deponent(s) to review during the deposition(s) in order to fully answer all questions. Such review will not be deemed a waiver of any claimed privilege.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served upon the Defendant in this

action along with the Complaint.

> **FONT & NELSON, PLLC**
> Attorneys for Plaintiff
> 200 S Andrews Avenue
> Suite 501
> Fort Lauderdale, FL 33301
> Tel: (954) 248-2920; Fax: (954) 248-2134
> Primary E-mail: Pleadings@fontnelson.com
> Secondary E-mail: jmartin@fontnelson.com
>
> By:     /s/ Jaime Martin                
> **JOSE P. FONT, ESQ.**
> Florida Bar #: 0738719
> **JAIME MARTIN, ESQ.**
> Florida Bar #: 110616

3

## SCHEDULE "A"

1.      The Corporate Representative who can identify by full name and company title all those persons who participated in making the decisions by or on behalf of Defendant determining the value of Plaintiff's claim, to pay Plaintiff's claim, or to withhold any payments(s) of insurance proceeds to the Plaintiff for his/her claim under the insurance policy.

2.      The Corporate Representative with the most knowledge of Defendant's investigation, adjustment, and valuation of Plaintiff's claim.

3.      The Corporate Representative most knowledgeable about the factual basis and all policy language upon which Defendant's Answer is based, including all denials and affirmative defenses raised by Defendant in this cause.

4.      The Corporate Representative who can identify and explain how the events which occurred to cause Plaintiff's damages constitute events excluded from the coverage provided by the policy of insurance or why Plaintiff's claim or damages are not otherwise covered under the policy of insurance.

5.      The Corporate Representative with the most knowledge who can describe comprehensively and in detail Defendant's investigation, adjustment and handling of the Plaintiff's claim from the date it was initially reported to Defendant until the date of this lawsuit.

6.      The Corporate Representative who can describe, comprehensively and in detail, any and all decisions made on behalf of Defendant with regard to the adjustment, investigation, and payment or failure to pay Plaintiff's claim which is the subject of this suit and the basis for those decisions.

7.      The Corporate Representative who can testify regarding the date Defendant reasonably anticipated litigation with Plaintiff for the subject claim and all circumstances which gave rise to the Defendant's reasonable expectation or belief that litigation would ensue, result or arise regarding Plaintiff's claim at issue in this lawsuit.

8.      The Corporate Representative who can identify and explain Defendant's responses to Plaintiff's discovery requests and all facts and policy language which support Defendant's responses to Plaintiff's discovery requests.

9.      The Corporate Representative who can testify regarding the cause of loss that Defendant attributed to Plaintiff's claim and all reasons for Defendant's assignment of that cause of loss.

10.     The Corporate Representative who can describe and state in detail and with specificity all damages to Plaintiff's insured property, caused, directly or indirectly, by the subject incident.

## SCHEDULE "B"

1.      All documents you reviewed in preparation for this deposition.

2.      All documents you will rely on in responding to the topics in Schedule "A" during this deposition.

3.      For any documents withheld from paragraphs 1 and 2 above due to a claim of attorney-client privilege, work product privilege or any other claimed right of privilege, provide a privilege log pursuant to Florida Rule of Civil Procedure 1.280(b)(5).

4.      The complete original written, printed, and electronic claim file(s) of Defendant and its adjusters including all independent or third-party adjusters involved in adjusting, inspecting, and handling Plaintiff's claim or loss (cover-to-cover), from the home office, regional office and local office for the subject claim, including but not limited to:

A)      All letters, memoranda, and other forms of written or computerized communication to or from any employee of Defendant that concern, refer, or relate in any way to the adjusting, processing, or handling of the claim at issue in this action.

B)      All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant that concern, refer, or relate in any way to the processing of the subject claim.

C)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee, representative or agent of Defendant and Plaintiff, or his/her representatives or agents that concern, refer, or relate in any way to the subject claim(s).

D)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

E)      All written or computerized records of any investigation or adjustment activities by Defendant and its adjusters, from the date of loss through the earlier of the date of this lawsuit or the date litigation was first anticipated by Defendant with regard to the subject claim.

F)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of Defendant and its adjusters that concern, refer, or relate in any

4

way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff's claim.

G)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision by any employee of Defendant to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff's claim.

H)      All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of Defendant to pay, deny, withhold, delay payment or conditionally or partially pay Plaintiff's claim.

I)      All activity logs, diaries, claim notes or logs created by any adjuster, claim representative, manager, or supervisor of Defendant or third party adjusters during the adjustment of Plaintiff's claim up until the date of this lawsuit or the date Defendant reasonably anticipated litigation in connection with the claim at issue in this action.

J)      The file folders in which the preceding documents are kept.

K)      All reports and correspondence.

L)      Tapes - video and audio.

M)      Photographs and original negatives.

5.      Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to Plaintiff, and his/her claim for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for payment, delay of payment, withholding of payment, or denial of payment on the subject claim.

6.      All checks reflecting payments made to Plaintiff to date including, but not limited to any and all documents/materials explaining the application of Plaintiff's deductible.

7.      A certified copy of the policy of insurance in effect on the subject date of loss.

8.      Copies of all summaries of statements made by Plaintiff and all recorded or transcribed statements taken by you, your representative(s) and/or your attorneys of Plaintiff.

9.      Copies of all correspondence, notices, reports or other communications between you and your representatives and Plaintiff and his representatives regarding the loss at the insured property.

10.     Copies of all letters from Defendant that make payment, deny payment, authorize payment or withhold payment for the subject claim.

11.     Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the Plaintiff regarding the loss at the insured property.

12.     Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

13.     Copies of all other documents relied upon by you in reaching any conclusions regarding the Plaintiff's insurance claim and the coverage and payment decisions made on Plaintiff's claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the Plaintiff, the methods of computation used by you in arriving at valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

14.     Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.

15.     All documents which indicate or support the date when Defendant contends it first reasonably expected or anticipated litigation with Plaintiff and the reasons and factual circumstances which gave rise to that expectation or belief.

**16.     Defendant's Privilege Log prepared pursuant to Florida Rule of Civil Procedure 1.280(b)(5) identifying with particularity any and all documents withheld from Defendant's response to the preceding paragraphs as privileged, confidential, or otherwise protected from discovery.**