**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION**

**CASE NO. 19-10131-CIV-MARTINEZ-OTAZO-REYES**

RM & ASSOCIATES CONSULTING, INC.,
a/a/o Miguel Vaquero,

    Petitioner,

vs.

SELECTIVE INSURANCE COMPANY OF
THE SOUTHEAST,

    Respondent.

_____/

**AMENDED COMPLAINT**

COME NOW, the Petitioner, RM & ASSOCIATES CONSULTING, INC., a/a/o Miguel Vaquero (referenced herein as "Petitioner"), and hereby sues Respondent, SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, ("Respondent"), and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1) This is an action for declaratory relief, and the amount at issue exceeds Fifteen Thousand and 00/100 Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2) The Petitioner is a duly and lawfully registered Florida entity with the Secretary of State, and an assignee of Miguel Vaquero's ("Insured") insurance benefits in relation to the homeowner's insurance claim described *infra* and by way of Exhibit "A" which is hereby incorporated by reference.

3) The Respondent is a duly and lawfully authorized and registered entity as required by Florida Law, which sells insurance policies providing coverage throughout the State that are subject to governing Florida Law.

4) Venue and jurisdiction are proper in Monroe County, Florida, since, the property at which the damages occurred is located therein.

5) All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

## GENERAL ALLEGATIONS

6) At all times material hereto, and in consideration of premiums paid directly and/or indirectly by the Insured, there was a policy in full force and effect issued by the Respondent.

7) The Respondent is in possession of an original and certified copy of the Policy, which is hereby incorporated by reference and will be produced through discovery.

8) Under the terms of the Policy, the Respondent agreed to provide insurance coverage to the Insured's Property against certain losses and/or damages for which a claim was made.

9) On or about September 10, 2017, and while the Policy was in full force and effect, the Property sustained a sudden, accidental and/or otherwise covered loss under the Policy.

10) The Insured contracted the Petitioner to perform remediation services in relation to the Covered Loss, and accepted a partial assignment of the Insured's insurance benefits in consideration therefor.

11) As of the date of filing this lawsuit, the Respondent has failed to duly issue payment to the Petitioner for the service charges that were submitted to the Respondent in consideration of the stated assignment of benefits.

12) The stated service charges of the Petitioner were reasonable, necessary, and related to the Covered Loss, and payable as such in accordance with the Policy.

13) The Petitioner has been forced to retain the undersigned attorney for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to Florida Statute § 627.428 and/or 28 U.S. Code Section 2412.

## COUNT I
## PETITION FOR DECLARATORY RELIEF

14) The Petitioner reincorporates paragraphs 1 through 13 as if fully set forth herein.

15) The Petitioner believes that is qualifies as third-party beneficiaries for the subject policy pursuant to the assignment of benefits executed by the Insured, and is therefore entitled to recover benefits pursuant to said assignment of benefits.

16) The Petitioner is in doubt as to whether it is entitled to recover benefits in relation to a direct physical loss to property for which the Respondent's Insured executed an assignment of benefits in its favor.

17) The Petitioner is also in doubt as to its obligations under the policy and/or the Insured's obligations under the policy pursuant to the assignment of benefits.

18) The Respondent had a duty to promptly and thoroughly investigate, adjust and issue payment for the covered loss as soon as payment is known to be due and owing under any section or provision of the policy.

19) Notwithstanding the Petitioner's substantial compliance with the material conditions to payment under the Policy, and/or the Respondent's waiver thereof, the Respondent refuses to perform its duty to issue payment as indicated.

20) As a direct and proximate result of the foregoing conflicting positions of the parties as presented, there is an actual and bona fide dispute between the parties which requires a

present need for judicial determination as to whether the Petitioner is entitled to benefits under the Policy pursuant to its assignment of benefits.

21) Accordingly, the Petitioner seeks a declaration of its rights and obligations under the policy.

22) The Petitioner is in doubt as to its rights and the Respondent's obligations, these issues continue to be disputed, and the adjudication of this action will serve to resolve the dispute.

23) The Petitioner has been obligated to retain the undersigned attorney for the prosecution of this action and is entitled to an award of reasonable attorney's fees and costs pursuant to Florida Statute Sections 627.428, 57.041 and/or 28 U.S. Code Section 2412 .

WHEREFORE, the Petitioner, pursuant to Fla. Stat. Secs. 57.041, 627.428, 627.70131, 55.03, 28 U.S. Code Section 2412 and/or governing Florida Law, respectfully demands judgment be entered against the Respondent and in the Petitioners' favor as follows:

a. Finding that the Petitioner is entitled to recover benefits under the Policy pursuant to its assignment of benefits;

b. An award for reasonable attorneys' fees and costs for obtaining a judgment, order or decree adverse to the Respondent and/or in favor of the Petitioner's rights under the Policy;

c. Payment of prejudgment and post-judgment interest; and/or

d. Any other relief the Court deems just and proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically delivered on September 9, 2019 to all counsel of record identified on the Service List below via electronic mail.

Respectfully submitted,

**FONT & NELSON, PLLC**
*Attorneys for Petitioner*
200 South Andrews Ave., Suite 501,
Ft. Lauderdale, Florida 33301
Tel: (954) 248-2920
Fax: (954) 248-2134
Email: pleadings@fontnelson.com

BY: */s/ Jaime Martin*
     **JAIME MARTIN, ESQ.**
     Florida Bar #: 110616

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**KEY WEST DIVISION**

**CASE NO. 19-10131-CIV-MARTINEZ-OTAZO-REYES**

Joel L. McNabney, Esq.
Eugene P. Murphy, Esq.
Robinson + Cole LLP
Attorneys for Respondent
777 Brickell Avenue, Suite 680
Miami, Florida 33131
(786) 725-4120
Jmcnabney@rc.com
Emurphy@rc.com